1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   Picture Perfect Film Assets a Washington
    limited liability company,

10

                              Plaintiff,

11  vs.

12  The McLaren Art Center, a Canadian non-profit
    entity, Carolyn Bell Farrell, a Canadian

13  resident, D'Airain Corporation, a Canadian
    corporation, Gordon Arnold, a Canadian

14  resident, and William Moore, a Canadian
    resident,

15

16                            Defendants.

CASE NO.

VERIFIED COMPLAINT FOR
DAMAGES AND EQUITABLE
RELIEF BASED UPON:
RACKETEERING, CONSPIRACY TO
ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND
RELATED CIVIL CLAIMS

JURY DEMAND

17

18        Comes now, plaintiff, and alleges as follows:

19                      **General Allegations**

20        1.    Plaintiff Picture Perfect Film Asset LLC ("PPFA"), is a Washington limited

21  liability company with its place of business in Washington state, and its members and manager

22  are Washington state residents.

23        2.    Plaintiff is informed and believe that defendant McLaren Art Center is a Canadian

24  non-profit corporation, with its principal place of business in Toronto, province of Ontario, in the

25

26  nation of Canada.

VERIFIED COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:  RACKETEERING,
CONSPIRACY TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND RELATED CIVIL
CLAIMS - 1

LAW OFFICES OF BRIAN H. KRIKORIAN PLLC
11900 N.E. 1ST STREET, SUITE 300, BUILDING G
BELLEVUE, WASHINGTON 98005
Telephone: (206) 596-2220
Fax:  (206) 629-9419

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

3.     Plaintiff is informed and believes that the defendant Carolyn Bell Farrell is an individual, with her principal residence in Barrie, province of Ontario, in the nation of Canada.

4.     Plaintiff is informed and believe that defendant D'Airain Corporation is a Canadian for-profit corporation, with its principal place of business in Barrie, province of Ontario, in the nation of Canada.

5.     Plaintiff is informed and believes that the defendant Gordon Arnold is an individual, with his principal residence in the province of Ontario, in the nation of Canada.

6.     Plaintiff is informed and believes that the defendant William Moore is an individual, with his principal residence in the province of Ontario, in the nation of Canada.

7.     This district court has original jurisdiction over the subject matter pursuant to §1332(a)(1) of Title 28 of the United States Code in that the amount in controversy, without reference to interest and costs, exceeds $100,000 and there is diversity of citizenship between plaintiff and its members, who are residents and citizens of the state of Washington, and defendants, citizens of the nation of Canada.

8.     The court also has original jurisdiction pursuant to the civil RICO remedies at 18 U.S.C. 1964, and the holdings of the U.S. Supreme Court in *Tafflin v. Levitt*, 493 U.S. 455 (1990), and the U.S. Court of Appeals for the Ninth Circuit *in Lou v. Belzberg*, 834 F.2d 730, hn. 4 (9th Cir. 1987).

9.     Venue is proper in this Court since the actions occurred within this Judicial District.

10.     Plaintiff alleges that a widespread criminal enterprise engaged in a pattern of racketeering activity across State lines, and a conspiracy to engage in racketeering activity involving numerous RICO predicate acts during the past seventeen (17) calendar years.

VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF BASED UPON:  RACKETEERING, CONSPIRACY TO ENGAGE IN A PATTERN OF RACKETEERING ACTIVITY AND RELATED CIVIL CLAIMS - 2

**LAW OFFICES OF BRIAN H. KRIKORIAN** PLLC
11900 N.E. 1ST STREET, SUITE 300, BUILDING G
BELLEVUE, WASHINGTON 98005
Telephone: (206) 596-2220
Fax:  (206) 629-9419

11.     The predicate acts alleged here cluster around criminal pattern of fraudulently selling certain good with no intent of delivering ownership of the goods and the interstate transportation of stolen property, obstruction of justice.  See 18 U.S.C. §§ 2319, 2320, 1512, 1513, 2315, 1503, 1510, 1511 and 1581-1588 respectively.

12.     Other RICO predicate acts, although appearing to be isolated events, were part of the overall conspiracy and pattern of racketeering activity alleged herein, e.g. mail fraud and bank fraud.  See 18 U.S.C. §§ 1341 and 1344, respectively.

13.     The primary effect of the racketeering enterprise has been to inflict severe and sustained economic hardship upon Plaintiff, with the intent of impairing, obstructing, preventing and discouraging Plaintiff from conducting its legitimate business.

14.     In and around the year 2000 defendant The McLaren Art Center ("MAC") entered various agreements for the accession into its collection of many bronze sculptures by the artist Auguste Rodin.  Upon information and belief, the MAC was also the beneficiary of a gift of several these bronze sculptures from donors not presently known by plaintiff.  Some of these bronze sculptures were part of an edition known as the Masters Limited Edition and some were part of an edition known as the MAC Edition.

15.     Upon information and belief, it was the intent of the MAC to acquire the original plasters from which the bronze sculptures were cast and to sell many the bronze sculptures to fund the construction of a new permanent exhibition of the Auguste Rodin platers and bronze sculptures in Barrie, Ontario, Canada.

16.     For reasons not known to plaintiff, the MAC became financially insolvent before it could complete these endeavors and the permanent exhibition was never constructed.  During the time when the MAC was in financial difficulties, in and around 2005 and 2006, the MAC,

VERIFIED COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:  RACKETEERING,
CONSPIRACY TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND RELATED CIVIL
CLAIMS - 3

LAW OFFICES OF BRIAN H. KRIKORIAN PLLC
11900 N.E. 1ST STREET, SUITE 300, BUILDING G
BELLEVUE, WASHINGTON 98005
Telephone: (206) 596-2220
Fax:  (206) 629-9419

through its Director, defendant William Moore, approached Evan McMullen, one of the principals of plaintiff and requested financial assistance.  The MAC represented itself to be a charitable not-for-profit Canadian entity and that it required an infusion of funds to maintain its solvency through the completion of the aforementioned project.  In order to induce McMullen to provide such funding the MAC offered to sell to McMullen two of the bronze sculptures one known as the Head of Jean the Baptiste and the other known as the Head of Eustache St Pierre. To assist the MAC in its time of financial difficulties McMullen provided it with substantial interim funding and took possession of the two bronze sculptures.

17.     In and around July of 2016, defendant Moore approached an associate of McMullen, and enquired if he believed McMullen might be interested in acquiring additional Auguste Rodin bronze sculptures.  Defendant Moore represented that these bronzes belonged to defendant Gordon Arnold who had acquired them from the MAC through his corporate entity defendant D'Airain Corporation.

18.     McMullen, through plaintiff PPFA, proceeded to request certain documents and representations from both defendant Moore and defendant Arnold.  As part of the response to McMullen's request defendants represented that the bronzes listed for sale had been purchased from the MAC and were owned free and clear of any known claims or encumbrances.  Moore, D'Airain and Arnold (hereinafter the "selling defendants") provided PPFA with a Bill of Sale executed by the receiver appointed by the Canadian bankruptcy court with jurisdiction over the MAC's bankruptcy filing in favor of defendant D'Airain Corporation.  The Bill of Sale describes the bronzes being sold to PPFA in very specific detail including the editions and the edition numbers of each bronze sculpture being sold.

VERIFIED COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:  RACKETEERING,
CONSPIRACY TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND RELATED CIVIL
CLAIMS - 4

LAW OFFICES OF BRIAN H. KRIKORIAN PLLC
11900 N.E. 1ST STREET, SUITE 300, BUILDING G
BELLEVUE, WASHINGTON 98005
Telephone: (206) 596-2220
Fax:  (206) 629-9419

19.     Selling defendants further represented that the MAC had instructed the receiver to prepare the Bill of Sale, and further that subsequent to the sale the MAC instructed the receiver to send a letter to defendant D'Airain Corporation demanding that D'Airain take possession of the bronzes pursuant to its purchase of those items from the receiver.

20.     Plaintiff relied upon these representations and documents, and others to be more fully described during trial of this matter, and entered an Agreement of Purchase and Sale with defendant D'Airain Corporation for the purchase of all of the bronzes listed in the Bill of Sale together with ownership of all of the MAC Edition bronzes and the rights and title thereto. Furthermore, PPFA paid by wire transfer a deposit of a substantial sum to defendants Gordon Arnold and D'Airain Corporation's attorney defendant Carruthers client trust account.

21.     Plaintiff expended considerable time and effort securing investors and philanthropists for the purposes of donating some of the bronze sculptures to various art galleries and foundations and developing a complex and detailed business plan for the sales of the remaining bronze sculptures all in reliance on the representations and documents provided by defendants.

22.     Shortly after completing the international wire transfer to defendant Carruthers' client trust account plaintiff began making arrangement to ship the bronzes to their facilities in Puyallup, Washington, United States of America.  McMullen purchased flights, hotel accommodations and car rentals to Barrie, Ontario to assist in the packaging and shipping of the bronzes.

23.     Defendants Arnold and Moore advised McMullen that he should make all arrangements for the shipping of the bronzes to Washington directly with the MAC's director, defendant Farrell, which still had possession of the bronzes.  Defendants Arnold and Moore

VERIFIED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF BASED UPON:  RACKETEERING, CONSPIRACY TO ENGAGE IN A PATTERN OF RACKETEERING ACTIVITY AND RELATED CIVIL CLAIMS - 5

LAW OFFICES OF BRIAN H. KRIKORIAN PLLC
11900 N.E. 1ST STREET, SUITE 300, BUILDING G
BELLEVUE, WASHINGTON 98005
Telephone: (206) 596-2220
Fax:  (206) 629-9419

1
2

assured McMullen that defendant Farrell and the MAC would be very cooperative as it was

eager to have the bronzes removed from its premises in Barrie, Ontario.

3
4
5
6
7

24.     McMullen then proceeded to place several phone calls to defendant Farrell over

the course of a week none of which were returned. When McMullen advised defendants Moore

and Arnold of his travel plans both advised him not to travel to Ontario until such time as he had

contacted the MAC and received its agreement to remove the bronzes.

8
9
10
11

25.     On or about December 6, 2016 plaintiff received a letter from an attorney

representing the MAC claiming that none of the bronzes, including the two bronzes sold directly

to McMullen in 2005, had been legally sold and claiming that all the bronzes were still owned by

the MAC.

12
13
14
15
16

26.     Plaintiff is informed and believes that the MAC on several occasions has

purported to sell Auguste Rodin bronzes sculptures to secure funding when it had no intention of

delivering title and possession of such property to the legitimate buyers.  Defendants Arnold,

Moore and Farrell were complicit and conspired together to achieve this fraud.

17
18
19

27.     Defendants actions qualify as one or more of the RICO "Predicate Acts" that are

itemized at 18 U.S.C. §§ 1961.  Moreover, further acts and events occurred which also qualify as

RICO predicate acts that constitute *further* probable causes for all the relief requested *infra*.

20
21
22

**FIRST CLAIM FOR RELIEF**
**Acquisition and Maintenance of an Interest in and Control of**
**an Enterprise Engaged in a Pattern of Racketeering Activity:**
**18 U.S.C. §§ 1961(5), 1962(b)**

23
24

28.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27, as

though set forth herein at length.

25
26

VERIFIED COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:  RACKETEERING,
CONSPIRACY TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND RELATED CIVIL
CLAIMS - 6

LAW OFFICES OF BRIAN H. KRIKORIAN PLLC
11900 N.E. 1ST STREET, SUITE 300, BUILDING G
BELLEVUE, WASHINGTON 98005
Telephone: (206) 596-2220
Fax:  (206) 629-9419

1

2

29.     At various times and places enumerated by the evidence, all Defendants did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO enterprise of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961 and 1962.

3

4

5

6

30.     During the seventeen (17) calendar years preceding this date, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities).

7

8

9

10

31.     Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally purported to sell Auguste Rodin bronze sculptures with no intention of delivering title thereto.

11

12

13

32.     Plaintiff further alleges that defendants' actions were taken for the benefit of the other defendants, and that all defendants are liable for each of their agents' misconduct, had knowledge of, participation in, and benefit from a RICO enterprise.

14

15

16

17

33.     Plaintiff has been damaged in a sum according to proof, but in excess of this Court's jurisdictional minimum, along with interests, costs and fees as provided by law.

18

19

**SECOND CLAIM FOR RELIEF**
**Conduct and Participation in a RICO Enterprise**
**through a Pattern of Racketeering Activity:**
**18 U.S.C. §§ 1961(5), 1962(c)**

20

21

22

34.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27, as though set forth herein at length.

23

24

25

26

VERIFIED COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:  RACKETEERING,
CONSPIRACY TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND RELATED CIVIL
CLAIMS - 7

35.     At various times and places Defendants did associate with a RICO *enterprise* of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

36.     Likewise, all Defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO *enterprise* through a *pattern of racketeering activity*, all in violation of 18 U.S.C. §§ 1961and 1962.

37.     During the seventeen (17) calendar years preceding this date, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961, and did so in violation of the RICO law at 18 U.S.C. 19.

38.     Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, *i.e.* a continuing threat of their respective *racketeering activities*, also in violation of the RICO law at 18 U.S.C. 1962.

39.     Plaintiff further alleges that defendants' actions were taken for the benefit of the other defendants, and that all defendants are liable for each of their agents' misconduct, had knowledge of, participation in, and benefit from a RICO enterprise.

40.     Plaintiff has been damaged in a sum according to proof, but in excess of this Court's jurisdictional minimum, along with interests, costs and fees as provided by law.

### THIRD CLAIM FOR RELIEF
### Conspiracy to Engage in a
### Pattern of Racketeering Activity:
### 18 U.S.C. §§ 1961(5), 1962(d)

41.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27, as though set forth herein at length.

VERIFIED COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:  RACKETEERING,
CONSPIRACY TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND RELATED CIVIL
CLAIMS - 8

LAW OFFICES OF BRIAN H. KRIKORIAN PLLC
11900 N.E. 1ST STREET, SUITE 300, BUILDING G
BELLEVUE, WASHINGTON 98005
Telephone: (206) 596-2220
Fax:  (206) 629-9419

42.     At various times and places partially enumerated in Plaintiff's documentary material, all Defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962.

43.     At various times and places partially enumerated in Plaintiff's documentary material, all Defendants did also conspire to conduct and participate in said RICO enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962.

44.     During the seventeen (17) calendar years preceding this date, all Defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961, in violation of 18 U.S.C. 1962.

45.     Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. 1962.

46.     Plaintiff further alleges that defendants' actions were taken for the benefit of the other defendants, and that all defendants are liable for each of their agents' misconduct, had knowledge of, participation in, and benefit from a RICO enterprise.

47.     Plaintiff has been damaged in a sum according to proof, but in excess of this Court's jurisdictional minimum, along with interests, costs and fees as provided by law.

## FOURTH CLAIM FOR RELIEF
### Fraud

48.     Plaintiff realleges and incorporate by reference paragraphs 1 through 27, as though set forth herein at length.

VERIFIED COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:  RACKETEERING,
CONSPIRACY TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND RELATED CIVIL
CLAIMS - 9

LAW OFFICES OF BRIAN H. KRIKORIAN PLLC
11900 N.E. 1ST STREET, SUITE 300, BUILDING G
BELLEVUE, WASHINGTON 98005
Telephone: (206) 596-2220
Fax:  (206) 629-9419

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

49.     The representations made by defendants in paragraphs 14 through 19, and 25 through 26, among others were in fact false. The true facts were that defendants never had any intent of delivering the bronze statues to plaintiff.

50.     When defendants, and each of them, made these representations they knew them to be false, and these representations were made by defendants with the secret intent to defraud and deceive PPFA.

51.     PPFA, at the time these representations were made by defendants and at the time PPFA took the actions herein alleged, was ignorant of defendants' secret intention not to perform and PPFA could not, in the exercise of reasonable diligence, have discovered defendants' secret intention.  In reliance on these representations, PPFA was induced to enter into the agreement and wire in excess of $100,000 to defendants in trust.

52.     PPFA's reliance on defendants' representations was justified because the parties had a mutual, beneficial relationship ongoing from the past, and that defendants were in a position in the public view to make these representations with credibility.  The representations were also supported and/or contained in documentary evidence, including Bills of Sales and Canadian Bankruptcy documents.

53.     PPFA first became aware of the full extent of defendants' true intentions or about December 6, 2016, when it received the letter from the attorney for the MAC.

54.     As a proximate result of defendants' fraud and deceit, PPFA has been damaged in the sum according to proof.

**FIFTH CLAIM FOR RELIEF**
**Breach of Contract against defendants**
**Moore, Arnold and D'Airain**

VERIFIED COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:  RACKETEERING,
CONSPIRACY TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND RELATED CIVIL
CLAIMS - 10

LAW OFFICES OF BRIAN H. KRIKORIAN PLLC
11900 N.E. 1ST STREET, SUITE 300, BUILDING G
BELLEVUE, WASHINGTON 98005
Telephone: (206) 596-2220
Fax:  (206) 629-9419

1

2

55.     Plaintiff realleges and incorporate by reference paragraphs 1 through 27, as though set forth herein at length.

3

4

5

6

56.     On or about November 16, 2016, PPFA on the one hand, and the selling defendants, on the other hand, entered into the written Agreement which provided that the selling defendants would sell to PPFA the 24 bronzes now owned by the selling defendants, and held by the MAC, for the exchange of valuable consideration in excess of $75,000.

7

8

9

57.     In good faith, PPFA delivered a sum in excess of the jurisdictional minimum of this court, to the selling defendants' attorney to be held pending receipt of the Bronzes.

10

11

58.     On December 6, 2016, the MAC, through its attorney, refused to deliver the bronze statues and disclaimed any ownership interest by the selling defendants.

12

13

14

15

16

59.     Except to the extent prevented and excused by the breach of the selling defendants, as alleged herein, PPFA has performed all covenants and conditions as its part to be performed under and pursuant to the aforesaid agreement.  PFF further remains willing and able to perform the remaining requirements of the contract, but for the selling defendants' breach.

17

18

19

60.     As a result of the aforementioned breach of the terms of the contract by the selling defendants, PPFA has been damaged in the sum of according to proof together with interest thereon at the legal rate, representing amounts due and owing under the contract.

20

21

RELIEF REQUESTED

22

Wherefore, plaintiff requests judgment against all named Defendants as follows:

23

24

**ON THE FIRST THROUGH THIRD CLAIMS FOR RELIEF**:

25

26

1.     That this Court liberally construe the RICO laws and thereby find that all Defendants, both jointly and severally, have acquired and maintained, both directly and

VERIFIED COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:  RACKETEERING,
CONSPIRACY TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND RELATED CIVIL
CLAIMS - 11

LAW OFFICES OF BRIAN H. KRIKORIAN PLLC
11900 N.E. 1ST STREET, SUITE 300, BUILDING G
BELLEVUE, WASHINGTON 98005
Telephone: (206) 596-2220
Fax:  (206) 629-9419

1  indirectly, an interest in and/or control of a RICO enterprise of persons and of other individuals

2  who were associated in fact, all of whom engaged in, and whose activities did affect, interstate

3  and foreign commerce in violation of 18 U.S.C. 1962(b) (Prohibited activities).

4      2.    That all Defendants and all their directors, officers, employees, agents, servants

5  and all other persons in active concert or in participation with them, be enjoined temporarily

6  during pendency of this action, and permanently thereafter, from selling, moving or encumbering

7  the bronzes subject to the Bill of Sale.

8      3.    That all Defendants and all of their directors, officers, employees, agents, servants

9  and all other persons in active concert or in participation with them, be enjoined temporarily

10  during pendency of this action, and permanently thereafter, from committing any more predicate

11  acts in furtherance of the RICO enterprise alleged in the First through Third Claims for Relief.

12      4.    That all Defendants be required to account for all gains, profits, and advantages

13  derived from their several acts of racketeering activity in violation of 18 U.S.C. 1962(b) and

14  from all other violation(s) of applicable State and federal law(s).

15      5.    That judgment be entered for Plaintiff and against all Defendants for Plaintiff's

16  actual damages, and for any gains, profits, or advantages attributable to all violations of 18

17  U.S.C. 1962(b), according to the best available proof.

18      6.    That all Defendants pay to Plaintiff treble (triple) damages, under authority of 18

19  U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C.

20  1962(b), according to the best available proof.

21      7.    That all Defendants pay to Plaintiff all damages sustained by Plaintiff in

22  consequence of Defendants' several violations of 18 U.S.C. 1962(b), according to the best

23  available proof.

24      8.    That all Defendants pay to Plaintiff its costs of the lawsuit incurred herein

25  including, but not limited to, all necessary research, all non-judicial enforcement and all

26  reasonable counsel's fees.

VERIFIED COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:  RACKETEERING,
CONSPIRACY TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND RELATED CIVIL
CLAIMS - 12

LAW OFFICES OF BRIAN H. KRIKORIAN PLLC
11900 N.E. 1ST STREET, SUITE 300, BUILDING G
BELLEVUE, WASHINGTON 98005
Telephone: (206) 596-2220
Fax:  (206) 629-9419

9. That all damages caused by all Defendants, and all gains, profits, and advantages derived by all Defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust, legally foreign with respect to the federal zone [sic], for the benefit of Plaintiff.

**ON THE FOURTH AND FIFTH CLAIMS FOR RELIEF**

10. That judgment be entered for Plaintiff and against all Defendants for Plaintiff's actual damages according to proof.

11. That all Defendants pay to Plaintiff its costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement, and all reasonable counsel's fees.

12. That Plaintiff have such other and further relief as this Court deems just and proper, under the full range of relevant circumstances which have occasioned the instant action.

Dated:  December 11, 2016        LAW OFFICES OF BRIAN H. KRIKORIAN$^{PLLC}$

By /s Brian H. Krikorian WSBA #27861
Ridgewood Corporate Square
11900 N.E. 1st Street, Suite 300, Building G
Bellevue, Washington 98005
Telephone: 206-596-2220
Fax: 206-629-9419
bhkrik@bhklaw.com

VERIFIED COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:  RACKETEERING,
CONSPIRACY TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND RELATED CIVIL
CLAIMS - 13

LAW OFFICES OF BRIAN H. KRIKORIAN $^{PLLC}$
11900 N.E. 1ST STREET, SUITE 300, BUILDING G
BELLEVUE, WASHINGTON 98005
Telephone: (206) 596-2220
Fax:  (206) 629-9419

1

## JURY DEMAND

2

Plaintiff hereby demands trial by jury on all issues triable to a jury lawfully convened.

3

4

Dated:  December 11, 2016          LAW OFFICES OF BRIAN H. KRIKORIAN[PLLC]

5

6

7

8

By /s Brian H. Krikorian WSBA #27861

Ridgewood Corporate Square

9

11900 N.E. 1st Street, Suite 300, Building G

Bellevue, Washington 98005

10

Telephone: 206-596-2220

Fax: 206-629-9419

11

bhkrik@bhklaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VERIFIED COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:  RACKETEERING,
CONSPIRACY TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND RELATED CIVIL
CLAIMS - 14

VERIFICATION

I, Evan K. McMullen, the manager of the plaintiff in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America and the State of Washington, that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief.

Dated:     December 12, 2016

Signed:

Evan K. McMullen

VERIFIED COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF BASED UPON:  RACKETEERING,
CONSPIRACY TO ENGAGE IN A PATTERN OF
RACKETEERING ACTIVITY AND RELATED CIVIL
CLAIMS - 15

LAW OFFICES OF BRIAN H. KRIKORIAN PLLC
11900 N.E. 1ST STREET, SUITE 300, BUILDING G
BELLEVUE, WASHINGTON 98005
Telephone: (206) 596-2220
Fax:  (206) 629-9419