UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PICTURE PERFECT FILM ASSETS,

    Plaintiff,

v.

THE MacLAREN ART CENTER, et al.,

    Defendants.

C16-1893 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion brought by defendants The MacLaren Art Center ("MAC") and Carolyn Bell Farrell, docket no. 18, to dismiss plaintiff's Second Amended Complaint is GRANTED in part and DENIED in part as follows:

    (a) The Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is GRANTED in part as to defendant Carolyn Bell Farrell, who has submitted an uncontroverted declaration indicating that she resides in Ontario, Canada and has had no communications with plaintiff Picture Perfect Film Assets or its principal Evan McMullen. *See* Farrell Decl. at ¶¶ 2 & 4 (docket no. 19); *see also Dunn v. Hatch*, 2015 WL 4479463 at *2 (W.D. Wash. July 22, 2015) (observing that Rule 12(d)'s "evidence limitation to the four corners of the complaint does not apply" to a motion to dismiss for lack of personal jurisdiction). The Second Amended Complaint, docket no. 14, contains no allegation that Farrell has had the requisite contact with Washington to support the exercise of specific personal jurisdiction. *See Cascade Yarns, Inc. v. Knitting Fever, Inc.*, 2011 WL 31862 at *4-*8 (W.D. Wash. Jan. 3, 2011). Indeed, McMullen agrees that, despite his multiple attempts to contact her, Farrell never responded. McMullen Decl. at ¶ 26 (docket no. 29). Plaintiff's claims against Carolyn Bell Farrell are DISMISSED without prejudice for lack of personal jurisdiction.

MINUTE ORDER - 1

(b) The Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is DENIED as to defendant The MacLaren Art Center. Plaintiff has pleaded a claim for declaratory relief regarding the ownership of Rodin sculptures that it alleges MAC's court-appointed receiver Padden + Yorke Inc. ("P+Y") sold to D'Airain Corporation ("D'Airain"), which were then sold to plaintiff. *See* 2d Am. Compl. at ¶¶ 79-83 (docket no. 14). The Court has subject matter jurisdiction over such dispute because the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). MAC's attorney, Arnold B. Schwisberg, has undisputedly written letters and sent e-mails to plaintiff and/or its attorney contesting P+Y's authority to sell the Rodin bronzes at issue and threatening litigation in Canada. *See* Exs. 3, 5, & 6 to 2d Am. Compl. (docket no. 14). The Court is satisfied that plaintiff's declaratory judgment claim arose from MAC's contact with the forum and that the assertion of personal jurisdiction is reasonable. *See* *Cascade Yarns*, 2011 WL 31862 at *7 (ruling that a letter from a party's attorney threatening litigation in the absence of an apology was an intentional act, directed at the forum, which put the party on notice that the recipient of the letter might commence an action against it in the forum).

(c) The Rule 9(b) motion to dismiss plaintiff's fourth claim for failure to plead fraud with sufficient particularity is GRANTED, and the claim of fraud asserted against MAC is DISMISSED without prejudice and with leave to amend. The only statements plaintiff alleges were made to it by MAC are those contained in letters and emails from MAC's attorney, which occurred after plaintiff entered into the agreement with D'Airain to purchase the Rodin sculptures at issue. Given the timing of such statements, they could not have induced plaintiff into wiring funds to D'Airain's attorney's trust account, and they do not support a fraud theory that MAC made promises without any intent of delivering the Rodin bronzes to plaintiff.

(d) The Rule 12(b)(6) motion to dismiss plaintiff's first, second, and third claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO") is GRANTED, and the RICO claims against MAC are DISMISSED without prejudice and with leave to amend. In connection with defendants' Rule 12(b)(6) motion, the Court has not considered the various declarations and exhibits submitted by the parties. *See* Fed. R. Civ. P. 12(d). RICO provides a private right of action for any person "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). Plaintiff has pleaded claims under §§ 1962(b), (c), and (d). *See* 2d Am. Compl. at ¶¶ 45-64 (docket no. 14). Sections 1962(b) and (c) prohibit "a pattern of racketeering activity" and the "collection of unlawful debt," while § 1962(d) proscribes conspiring to violate §§ 1962(a), (b), or (c). *See* 18 U.S.C. § 1962. Racketeering activity is statutorily defined to include certain felonies under state law and certain indictable acts or offenses under federal law. 18 U.S.C. § 1961(1). A "pattern of racketeering

activity" requires, at a minimum, two predicate acts of racketeering, occurring within ten years of each other, with at least one act taking place after October 15, 1970. 18 U.S.C. § 1961(5). To form a "pattern," the predicate acts must be both "related" and "continuous." *H.J. Inc. v. Nw Bell Tel. Co.*, 492 U.S. 229 (1989); *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995). Plaintiff has alleged that MAC was "embroiled in litigation" concerning damage to various Rodin sculptures that were on loan, that the Canadian government rejected proposed "tax flips" offered to MAC donors, that MAC is supported by the City of Barrie, Ontario, which has referenced $3.9 million in loans made to MAC as a "doubtful account," that MAC abandoned in Washington two Rodin bronzes that operated as security for a loan from Cosmopolitan Imports, another entity managed by McMullen, and that MAC did not object to the bill of sale executed by P+Y, purporting to transfer title to 26 Rodin posthumous bronzes to D'Airain, but then later represented that P+Y did not have authority to sell 24 of those 26 sculptures. *See* 2d Am. Compl. at ¶¶ 42-43 (docket no. 14). Such conduct does not constitute murder, kidnapping, gambling, arson, robbery, bribery, extortion, or dealing in obscene matter or controlled substances, and is not indictable under any of the provisions of the United States Code enumerated in 18 U.S.C. § 1961(1), and thus, plaintiff has not pleaded, as against MAC, the requisite two predicate acts of racketeering.

(2) If plaintiff wishes to amend its complaint, it shall file a motion, along with a proposed third amended complaint, within twenty-eight (28) days of the date of this Minute Order, and shall note such motion for the fourth Friday after filing. Any response and any reply shall be due in accordance with Local Civil Rule 7(d)(3). If plaintiff seeks to re-plead a RICO claim against MAC, it shall submit with its motion to amend a RICO case statement, which shall include the facts upon which plaintiff is relying to support its RICO claim as a result of the "reasonable inquiry" required by Federal Rule of Civil Procedure 11. The RICO statement shall be in a form using the numbers and letters as set forth below, and shall state in detail and with specificity the following information:

1. <u>RICO Provision</u>: State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d).

2. <u>Defendants</u>: List each RICO defendant and state the alleged misconduct and basis of liability of each RICO defendant.

3. <u>Other RICO Violators</u>: List all alleged RICO violators other than the RICO defendants listed above, and state the alleged misconduct of each alleged wrongdoer.

4. <u>Victims</u>: List the alleged victims and state how each victim was allegedly injured.

MINUTE ORDER - 3

5. <u>Pattern of Racketeering Activity</u>:  Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim.  A description of the pattern of racketeering shall include the following information:

   a. List the alleged predicate acts and the specific statutes that were allegedly violated;

   b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

   c. If the RICO claim is based on the predicate offenses of mail fraud, wire fraud, or fraud in the sale of securities, then state the circumstances constituting fraud "with particularity," Fed. R. Civ. P. 9(b), including the time, place, and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

   d. State whether there has been a criminal conviction for violation of the predicate acts and, if so, provide particulars;

   e. State whether civil litigation has resulted in a judgment with respect to the predicate acts and, if so, provide particulars; and

   f. Describe how the predicate acts are both "related" and "continuous" within the meaning of <u>H.J. Inc. v. Nw. Bell Tel. Co.</u>, 492 U.S. 229, 239 (1989), and its progeny, including <u>Allwaste, Inc. v. Hecht</u>, 65 F.3d 1523, 1527 (9th Cir. 1995).

6. <u>Enterprise</u>:  Describe in detail the alleged enterprise and specify what structure it had.  A description of the enterprise shall include the following information:

   a. State the names of the individuals, partnerships, corporations, associations, or other legal entities, that allegedly constitute the enterprise;

   b. Describe the structure, purpose, function, and course of conduct of the enterprise;

   c. State whether any defendants are employees, officers, or directors of the alleged enterprise or are associated with the alleged enterprise;

MINUTE ORDER - 4

    d.  Describe the alleged relationship between the activities of the enterprise and the alleged pattern of racketeering activity, and discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all; and

    e.  Describe how the enterprise was affected by or benefitted from the alleged pattern of racketeering activity.

  7. <u>Interstate or Foreign Commerce</u>: Describe the effect of the activities of the enterprise on interstate or foreign commerce.

  8. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information: (i) State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and (ii) Describe the use or investment of such income.

  9. If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information: (i) Describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and (ii) State whether the same entity is both the liable "person" and the "enterprise" under § 1962(b).

  10. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information: (i) State who is employed by or associated with the enterprise; and (ii) State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

  11. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

  12. <u>Injury to Business or Property</u>: Describe (i) the alleged injury to business or property, and (ii) the direct causal relationship between the alleged injury and the violation of the RICO Act.

  13. <u>Damages</u>: List the damages sustained by reason of the alleged violation of § 1962, indicating the amount for which each defendant is allegedly liable.

  (3) Within twenty-eight (28) days of the date of this Minute Order, plaintiff shall SHOW CAUSE why its claims against defendants D'Airain Corporation, Gordon Arnold, and William Moore should not be dismissed without prejudice for failure to effect service and prosecute. <u>See</u> Fed. R. Civ. P. 41(b); <u>see also</u> Minute Order at ¶ 2 (docket no. 26) (indicating that plaintiff's attempt to serve Moore by mail did not comply with Federal Rule of Civil Procedure 4(f)(2)(C)(ii)).

(4)     Having reviewed the Joint Status Report filed on May 19, 2017, docket no. 27, and in light of the procedural posture of this matter, the Court DECLINES to set a trial date at this time.  If plaintiff files a motion for leave to amend, the Court will set a deadline for the parties to submit another Joint Status Report after it rules on plaintiff's motion.  If plaintiff does not seek leave to amend, the parties shall submit an updated Joint Status Report within thirty-five (35) days of the date of this Minute Order.

(5)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 28th day of July, 2017.

                                William M. McCool
                                Clerk

                                s/Karen Dews
                                Deputy Clerk